UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN LARRY SORIANO,<br><br>    Petitioner,<br><br>    v.<br><br>P. D. BRAZELTON,<br><br>    Respondent. | Case No.: 1:14-cv-00393-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 13)<br><br>ORDER DIRECTING THAT OBJECTIONS TO BE FILED WITHIN 21 DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on March 10, 2014.[1] On April 2, 2014, the Court ordered

---

[1] In Houston v. Lack, the Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Id, 487 U.S. 166, 276(1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit applies the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on March 10, 2014. (Doc. 1, p. 6).

1

Respondent to file a response to the petition within sixty days. (Doc. 5). On June 4, 2014, Respondent filed the instant motion to dismiss, contending the petition was untimely and did not raise cognizable federal habeas issues. (Doc. 13). On July 21, 2014, Petitioner filed his opposition. (Doc. 16).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period and failure to state a cognizable habeas claim. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

A. Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant

petition was filed on March 10, 2014, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date the petitioner's direct appellate review became final. Where, however, as here, the petitioner is challenging a prison disciplinary action, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003)(holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitations does not begin to run until a petitioner's administrative appeal has been denied).

Petitioner's final administrative appeal was denied on June 3, 2011. (Doc. 13, Ex. 1). Therefore, the limitations period commenced the following day, i.e., on June 4, 2011. Redd, 343 F.3d at 1079; 28 U.S.C. § 2244(d)(1)(D). Petitioner had one year from that date, or until June 3, 2012, absent

applicable tolling, within which to file his federal petition. As mentioned, Petitioner did not file the instant petition until March 10, 2014 which was over twenty months *after* the limitation period had expired. Therefore, absent either statutory or equitable tolling sufficient to account for this twenty-month delay, the petition is untimely.

      B.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).

1  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises
2  unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

3        Here, the record establishes that Petitioner filed the following state habeas petitions: (1)
4  petition filed in the Superior Court of Fresno County on August 1, 2011, and denied on October 13,
5  2011 (Doc. 13, Ex. 1);[2] (2) petition filed in the California Court of Appeal, Fifth Appellate District
6  ("5th DCA") on December 1, 2011, and denied on December 28, 2011 (Doc. 13, Ex. 2); and (3)
7  petition filed in the California Supreme Court on May 14, 2012, and denied on September 12, 2012.
8  (Doc. 13, Ex. 3).

9        Respondent does not challenge Petitioner's entitlement to statutory tolling during the pendency
10 of each of these three state petitions, as well as for the intervals separating the petitions.  (Doc. 13, p.
11 3).  Accordingly, for purposes of calculating the running of the AEPDA's one-year limitation period,
12 the Court will assume that the limitation period was tolled from August 1, 2011 until September 12,
13 2012.  When Petitioner filed his first state petition on August 1, 2011, however, 59 of his 365 days had
14 already expired, leaving Petitioner with only 306 days remaining on his one-year period.  When the
15 final state petition was denied on September 12, 2012, the limitation period commenced the following
16 day, i.e., on September 13, 2012, and continued to run unabated until it expired 306 days later, i.e., on
17 July 16, 2013.  As mentioned, the instant petition was filed on March 10, 2014, long after the one-year
18 period would have expired.  Thus, unless Petitioner is entitled to equitable tolling, the petition is
19 untimely.

20       C.   Equitable Tolling.

21       The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable
22 tolling in appropriate cases.  See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561
23 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period
24 is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it
25 impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir.

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the record now before the Court, the Court sees no basis for such a claim. Accordingly, Petitioner is not entitled to equitable tolling. Thus, the petition is untimely and should be dismissed.

D. Failure To State A Cognizable Habeas Claim.

Alternatively, Respondent contends that Petitioner has failed to state a cognizable federal habeas claim because he is serving a life sentence and has gone beyond his Minimum Eligible Parole Date ("MEPD"), thus rendering any loss of credits irrelevant to when and if Petitioner is ever released on parole. The Court agrees.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Indeed, claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, lie within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 499 n.14 (1973). In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the

conditions of prison life but not the fact or length of the custody.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. at 499; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

With respect to prison disciplinary and administrative proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254.  See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).  The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500.

It is now well-established in this circuit that where a successful challenge to a disciplinary hearing or administrative sanction *will not necessarily* shorten the overall length of confinement, then habeas jurisdiction is lacking.  In Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), the U.S. Supreme Court concluded that a *possible* loss of credits due to a disciplinary conviction was insufficient to give rise to a liberty interest where "[n]othing in [the State's] code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration."  Sandin, 515 U.S. at 487.  The Court went on to note that "[t]he decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at this parole hearing in order to explain the circumstances behind his misconduct record."  Id. at 487.  The Court held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."  Id.

After Sandin, in order to demonstrate a liberty interest, an inmate must show that a disciplinary conviction will inevitably lengthen the duration of the inmate's incarceration.  Id.  As Respondent correctly observes, the BPH is required by California law to consider a wide range of factors in assessing whether an individual inmate is suitable for parole; indeed, the BPH may consider factors as

wide-ranging as the original crime, an inmate's criminal and social history, his conduct in prison, any psychological evaluations, Petitioner's efforts at rehabilitation, his remorse and understanding of the crime and its effects of the victims, as well as any parole plans he may have. Cal. Code Regs. Tit. 15, § 2402(b)-(d). Put another way, any parole decision depends on "an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based on their experience with the difficult task of evaluating the advisability of parole release." Greenholtz v. Inmates of Nebraska Corr. & Penal Complex, 442 U.S. 1, 9-10, 99 S.Ct. 2100 (1979).

Here, the mere fact of Petitioner's conviction for a rules violation, while constituting one of a myriad of factors that the BPH would consider in a parole hearing, is simply too attenuated to invoke the protections of due process, Sandin, 515 U.S. at 487, and can hardly be considered so pivotal to the question of granting parole that one could conclude that a sufficient nexus exists between it and the length of imprisonment such that a sufficient likelihood exists of it affecting the overall length of a Petitioner's confinement. Docken v. Chase, 393 F.3d 1024, 1030-31 (9th Cir. 2004).

Moreover, to the extent Petitioner contends he has forfeited good-time credits as a result of this prison disciplinary proceeding, Petitioner's status as an inmate serving an indeterminate sentence combined with the fact that he is beyond his MEPD forecloses such a claim. As a state prisoner serving an indeterminate life sentence, Petitioner's credit-earning is governed by state regulations. Section 2290(a) of Title 15 provides as follows:

> Life prisoners may earn post-conviction credit for each year spent in state prison. Post-conviction credit for time served prior to the hearing at which a parole date is established shall be considered at that parole consideration hearing. Thereafter, post-conviction credit for time served since the last hearing shall be considered at progressive hearings. In no case may post-conviction credit advance a release date earlier than the minimum eligible parole date. [3]

Put simply, once Petitioner has reached his MEPD, his credit-earning potential as an inmate serving an indeterminate life sentence has no bearing at all on the length of time he will actually remain in prison, since, at that point, such a determination is made solely by the Board of Parole Hearings after conducting a suitability hearing.

---

[3] Title 15 of the Code of California Regulations § 2000(b)(3) defines a "life prisoner" as "a prisoner serving a sentence of life with the possibility of parole." Life sentences may be imposed for, inter alia, both first and second degree murder. Cal. Code Regs., tit. 15, § 2000(b)(3)(B and C)). Here, Petitioner was sentenced to an indeterminate 25-year-to-life term for murder first degree murder and robbery with use of a firearm. (Doc. 1, p. 66). Having been convicted of first degree murder, Petitioner falls within the provisions of this regulation vis-a-vis his credit-earning ability.


Here, Petitioner reached his MEPD on September 17, 2013.  (Doc.13, Ex. 3, p. 4).  Since the loss of the credits about which Petitioner complains, and upon which this Court's habeas jurisdiction is predicated, can only be used under California regulations for adjusting the date of the MEDP, which has now passed, it is clear that any loss of such credits at this post-MEDP juncture cannot possibly have any effect on Petitioner's ultimate release date.  As discussed previously, only the BPH has the power to affect the length of Petitioner's sentence.

Petitioner has not even alleged, let alone established, that granting the relief he requests in the instant petition vis-à-vis the 2010 disciplinary hearing would have any material impact on the length of his sentence, i.e., the date when the BPH ultimately decides that Petitioner is suitable for parole.  Because of this, the Court concludes that <u>none</u> of Petitioner's grounds for relief, even if granted through these habeas proceedings, would <u>necessarily</u> shorten Petitioner's overall sentence.  <u>Ramirez</u>, 334 F.3d at 859 (emphasis supplied).   Thus, habeas jurisdiction is absent here, and the petition should be dismissed.

Since Petitioner has failed to establish that the claims in the instant petition would, if resolved favorably to him, likely have an effect on the length of his sentence, they are not properly brought as federal habeas claims.  Accordingly, the Court lacks habeas jurisdiction and therefore, in addition to the fact of the petition's untimeliness, the claims should be dismissed for lack of jurisdiction as well.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period and for failure to state a cognizable habeas claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten <u>court</u> days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 11, 2014**                               **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE